IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-30023 |
| | ) | |
| ARCHIE LAMONT BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on May 14, 2007, for the sentencing of Defendant Archie Lamont Butler. Defendant Butler appeared in person and by his attorney Assistant Federal Defender Douglas Beevers. The Government appeared by Assistant U.S. Attorney Patricia McInerney. On November 15, 2006, Defendant Butler pleaded guilty to the charge of Distribution of 5 or more grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), as alleged in Count 3 of the Indictment (d/e 1). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated February 21, 2007.

The Government had no objections.

The Defendant objected to paragraphs 45 and 52 of the PSR. These paragraphs called for Butler to receive one criminal history point for his conviction and sentence of probation in Iowa for the offense of Interference with Official Acts. The Government conceded the objection because of the unique facts and procedures in Iowa with respect to this offense. For the reasons stated of record, the Court agreed with the Government concerning the unique facts and procedures in Iowa for this offense, and sustained this objection. The Court therefore concluded that Butler should not receive a criminal history point for this conviction. As a result, the Court found that Defendant Butler had 12 criminal history points, placing him in Criminal History Category V.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the remaining findings of the PSR as its own. Accordingly, the Court found that Defendant Butler had a final offense level of 35, and was in Criminal History Category V, resulting in an advisory Guideline sentencing range of 262 to 327 months to life, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court, normally, was required to exercise its discretion to determine Defendant Butler's sentence, considering the Guidelines, the statutory

2

sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

In this case, however, the parties entered into a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (c)(1)(C). Under Rule 11(c)(1)(C), this Court must abide by the terms of the Plea Agreement if the Court accepts the plea.  The Plea Agreement required the Court to sentence within the Guideline range of 262 to 327 months if he was found to be in Criminal History Category V.  Plea Agreement (d/e 22), ¶ 12(f).  The Court had accepted the plea.  Text Order entered December 6, 2006.  The Court, thus, so agreed to sentence Butler within the agreed Guideline range.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Butler, the Court sentenced Defendant Archie Lamont Butler to a term of 262 months imprisonment, to be followed by 8 years of supervised release.  The Court determined that Butler was not able to pay a fine, so no fine was imposed.  Defendant Butler was ordered to pay the $100.00 special assessment, which was due immediately.  The Court then allowed the Government's oral motion to

dismiss the charges against Defendant Butler in Count 1 of the Indictment. The parties then agreed that the appeal rights were waived in the Plea Agreement.

IT IS THEREFORE SO ORDERED.

ENTER: May 15, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE